# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-18 39th Avenue, Suite 1003
Flushing, New York 11354

May 21, 2018

William Brown, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: wbrown@hanglaw.com

**VIA ECF**
Hon. Ronnie Abrams
United States District Judge
40 Foley Square
New York, NY 10007

          Re: Zhi Li Zhong, et al. Rockledge Bus Tour Inc., et al.
             Case No. 18-cv-454
             Settlement Status Letter

Dear Hon. Ronnie Abrams:

    Plaintiff Zhi Li Zhong, ("Plaintiff") and Defendants Rockledge Bus Tour Inc. dba Rockledge Bus; Harmonious Grand Tour co., Ltd. Dba HG Bus Ltd.; Fox Bus, Inc; New Everyday Bus Tour, Inc.; Lun Dong Chen and Lucy Fisher (collectively, "Defendants") respectfully request that Your Honor approve the settlement reached in this matter. A copy of the proposed settlement agreement is annexed herein as **Exhibit A**.

    **Settlement Amount**

    All parties believe that the settlement amount is fair and reasonable. This action was originally brought by Plaintiff Zhi Li Zhong for alleged unpaid minimum wages, overtime wages, failure to give a wage notice at time of hire, and failure to provide paystubs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL"). Plaintiff Huan Ran Lei subsequently opted in to the action.

    According to Plaintiff, Defendants employed Plaintiff Zhi Li Zhong from February 8, 2017 to September 11, 2017 as a ticket seller. From February 8, 2017 to February 28, 2017, Plaintiff worked six days with Saturday off per week. He worked from 5:00 p.m. to 10:00 p.m. on Sunday, 8:00 a.m. to 6:00 p.m. on Monday; 10:15 a.m. to 10:15 p.m. on Tuesday and Wednesday, 10:15 a.m. to 9:00 p.m. on Thursday, and 5:00 p.m. to 10:00 p.m. on Friday. Plaintiff did not have any uninterrupted break. Plaintiff thus worked at least fifty-four and forty-five minutes (54.75) hours per week during this period.

    From March 1, 2017 to September 11, 2017, Plaintiff worked six days with Saturday off per week. He worked from 3:00 p.m. to 10:00 p.m. on Sunday, 8:00 a.m. to 6:00

p.m. on Monday; 10:15 a.m. to 10:15 p.m. on Tuesday and Wednesday, 10:15 a.m. to 9:00 p.m. on Thursday, and 6:50 p.m. to 6:00 p.m. on Friday. Plaintiff did not have any uninterrupted break. Plaintiff thus worked at least sixty-three (63) hours per week during this period.

Plaintiff was paid monthly. He received $1,200 in cash as compensation in February; $2,500 as compensation with $1,300 in cash, and $1,200 in check every month from March to July. He received $1,700 in check as compensation for August, and $710 in cash for September.

If Plaintiff were to prevail on all of his FLSA claims, his unpaid wages and overtime premiums, exclusive of liquidated damages, would total approximately $20,064.21. Plaintiff is confident that he can prove his allegations through witness testimonies and documentary evidence. Defendants, however, vehemently deny Plaintiff's account of his dates of employment and hours worked. If defendants were to prevail on all contested issues, Plaintiff would only entitled to a fraction of the damages they allege.

Nevertheless, the parties agreed on the settlement amount of $11,500.00 in order to avoid potentially significant and unanticipated burdens and expenses in establishing his respective positions.

The gross settlement amount is $11,500.00, inclusive of Plaintiff's counsel's attorneys' fees and costs of $4333.33 with settlement payments to Plaintiff of $7,166.67, The attorney's fees and costs are allocated as follows: $3,583.33 for fees, and $750 for costs. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged failure to pay unpaid overtime wages, unpaid spread of hours, failure to give a wage notice at time of hire, and failure to provide paystubs. This amount also considers the costs and the uncertainty of protracted litigation. This settlement was reached after extensive negotiations between the parties and the parties agree that the settlement is fair and reasonable.

### **Attorney's Fees**

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to our firm's agreement with the Plaintiff (**Exhibit B**) the firm will be reimbursed $750 in filing fees, and costs, 1/3 of the remaining settlement amount of $10,750 as attorneys' fees, which is $3,583.33 as set forth in Paragraph 1(a) of the Settlement Agreement. Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015). Therefore, as 1/3 is standard practice in FLSA claims, it is a fair number for this matter as well.

Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contact disputes. While the majority of Hang & Associates' plaintiff-side work is contingency based, Hang & Associates typically calculates its attorney fees based on its hourly rate. Mr. Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. He currently represents plaintiffs with wage & hour claims in more than 200 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates, Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, his hourly rate of $350 is reasonable. Rui Ma, associate attorney's hourly rate is $250. Hang & Associates worked on this case since its onset, including interviewing the client, conducting legal research, negotiating with defendants. **Exhibit C** is an attorney bill and the total attorney fees plus cost is $6,770, which is much more than $4333.33, the attorney fees that Hang & Associates is receiving in this settlement agreement. Hang & Associates therefore requests that the Court approve the attorney fees as reasonable

Therefore, Plaintiff's Counsel and Defendants respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

    Respectfully submitted,
    */s/ Jian Hang*
    Jian Hang, Esq.

Cc:    Heng Wang, Esq., Attorney for Defendants (via ECF)