UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 8/6/2018

ZHI LI ZHONG, *individually and on behalf of others similarly situated*,

Plaintiff,

v.

ROCKLEDGE BUS TOUR INC., *doing business as* ROCKLEDGE BUS, HARMONIOUS GRAND TOUR CO, LTD., *doing business as* HG BUS LTD, XINNIX TICKETING, INC., FOX BUS, INC., NEW EVERYDAY BUS TOUR, INC., LUN DONG CHEN, "JENNY" CHEN, LUCY FISHER,

Defendants.

No. 18-CV-454 (RA)

MEMORANDUM OPINION AND ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Zhi Li Zhong brought this action against Defendants—five bus companies purportedly acting as joint employers and three individuals who allegedly owned and operated all of the relevant companies, *see* Compl. ¶¶ 24–31 (Dkt. 1)—for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Now before the Court is the parties' application for approval of a settlement agreement. For the reasons set forth below, the Court grants the application.

**BACKGROUND**

From February to September of 2017, Plaintiff worked as a ticket seller for Defendants' bus tours. Compl. ¶ 37. Plaintiff alleges that he worked for Defendants for more than 40 hours per week without receiving uninterrupted breaks, the appropriate minimum wage, overtime compensation, or spread-of-hours pay for days when he worked over 10 hours. *Id.* ¶¶ 39–44. Plaintiff also alleges that Defendants did not comply with NYLL's wage-statement requirements

or provide him with necessary written notices about the terms and conditions of his employment, among other things. *Id.* ¶¶ 45–46, 52.

On January 18, 2018, Plaintiff initiated this action on behalf of himself and others similarly situated, asserting six causes of action. *See id.* ¶¶ 73–105. The Court referred the case for mediation, which was held on April 17, 2018, and resulted in a settlement on all issues. *See* Dkt. 19. The parties submitted to the Court their agreement, which fully resolves the case, and a letter setting forth their views on why the agreement is fair and reasonable. *See* Dkt. 21, 22. Attached to the letter, Plaintiff's counsel submitted billing records documenting the hours that each of Plaintiff's attorneys worked on the case. *See* Dkt. 21-2. Although the docket does not reflect that any plaintiffs besides Zhi Li Zhong are involved in this lawsuit, Plaintiff's counsel represents in his letter that a person named Huan Ran Lei has opted into the action. Fairness Letter at 1 (Dkt. 21). Huan Ran Lei is not a party to the proposed settlement agreement. *See* Settlement Agreement and Release at 7 (Dkt. 22).

## LEGAL STANDARD

"To promote FLSA's purpose of ensuring 'a fair day's pay for a fair day's work,' a settlement in a FLSA case must be approved by a court or the Department of Labor." *Hyun v. Ippudo USA Holdings*, No. 14-CV-8706 (AJN), 2016 WL 1222347, at *1 (S.D.N.Y. Mar. 24, 2016) (quoting *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015)). To obtain approval, the parties must demonstrate that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted). "A fair settlement must reflect 'a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.' " *Chauca v. Abitino's Pizza 49th St. Corp.*, No. 15-CV-06278 (BCM), 2016 WL

3647603, at *1 (S.D.N.Y. June 29, 2016) (quoting *Mamani v. Licetti*, No. 13-CV-7002 (KMW) (JCF), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014)). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

## DISCUSSION

The Court addresses four aspects of the proposed settlement agreement: (1) the settlement amount, (2) the release provision, (3) the non-disparagement provision, and (4) attorneys' costs and fees. The Court finds that each of these, and the settlement as a whole, is fair and reasonable.

### A. Settlement Amount

Under the proposed settlement agreement, Defendants agree to pay Zhi Li Zhong $11,500 in one lump-sum payment. *See* Settlement Agreement and Release ¶ 1. Plaintiff estimates that, if he were to prevail on all claims, "his unpaid wages and overtime premiums, exclusive of liquidated damages, would total approximately $20,064.21." Fairness Letter at 2. Inclusive of liquidated damages, which Plaintiff requests in his Complaint, the potential maximum award could be significantly higher. Even in a scenario where Plaintiff prevailed on every single one of his claims and received liquidated damages matching his actual ones, however, the settlement amount here would still be reasonable, representing at least 28% of Plaintiff's total conceivable recovery based on the Court's calculations. This amount is significant both as a percentage and "in light of the

3

legal and evidentiary challenges that would face the plaintiffs in the absence of a settlement."
*Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016); *see also Beckert*, 2015 WL
8773460, at \*2 (approving a settlement of approximately 25 percent of the maximum possible
recovery). Here, Defendants "vehemently deny Plaintiff's account of his dates of employment and
hours worked," and the parties could therefore confront "potentially significant and unanticipated
burdens and expenses in establishing [their] respective positions." Fairness Letter at 2.

Other factors also weigh in favor of finding the settlement reasonable: the settlement
appears to have been the "product of arm's-length bargaining between experienced counsel" with
no evidence of "fraud or collusion." *See Wolinsky*, 900 F. Supp. 2d at 335. Plaintiff's attorneys
have significant experience in employment law, including work on federal wage-and-hour cases.
*See* Fairness Letter at 3. The Final Report of Mediator to the Clerk on the docket also reflects that
agreement was reached on all issues through the Court's mediation program. *See* Dkt. 19.
Moreover, settling now, at an early stage in the litigation, will save both parties substantial costs
associated with discovery and trial. *See Wolinsky*, 900 F. Supp. 2d at 335. For the above reasons
and based on the totality of the circumstances, the Court finds that the parties' proposed settlement
amount of $11,500 is fair and reasonable.

## B. Release

Plaintiff's release of claims is also reasonable. "In FLSA cases, courts in this District
routinely reject release provisions that 'waive practically any possible claim against the
defendants, including unknown claims and claims that have no relationship whatsoever to wage-
and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y.
2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)).

Here, Plaintiff's releases are all tied to his claims in this case or to wage-and-hour issues: he releases and agrees not to pursue any claims that "seek[] unpaid minimum wages, overtime, or other wage claims as alleged in the Lawsuit against Defendants" and entities related to them, and he releases "any and all such claims, causes of action, obligations or liabilities for unpaid minimum wages, overtime and any other wage claims" against Defendants and their related entities under the FLSA, NYLL, and other wage-and-hour regulations. *See* Settlement Agreement and Release ¶ 2. This release is sufficiently narrow to survive judicial scrutiny, especially given that it appears to have been the "fair result of a balanced negotiation, in which Plaintiffs were represented by able counsel." *See Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-CV-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (noting that there is "nothing inherently unfair about a release of claims in an FLSA settlement" in such situations). Thus, the Court finds that the release in the proposed settlement agreement was fair and reasonable.

## C. Non-Disparagement Clause

The settlement agreement here contains a non-disparagement clause, which states as follows:

> Plaintiff agrees that he should not make any statement, written, oral or electronic, which in any way disparages Defendants, any employee Plaintiff knows to be employed by Defendants, or Defendants' business practices. However, this Paragraph shall not be interpreted to prevent Plaintiff from making truthful statements concerning their experience litigating this Action, or the facts underlying their claims[.]

Settlement Agreement and Release ¶ 12. Confidentiality and non-disparagement clauses are deemed unreasonable under the FLSA when they "inhibit[] one of the FLSA's primary goals—to ensure 'that all workers are aware of their rights.'" *Nights of Cabiria*, 96 F. Supp. 3d at 180 (citation omitted). "[N]ot *every* non-disparagement clause in an FLSA settlement is *per se* objectionable," however, because "plaintiffs may contract away their right to say things that are

5

insulting or calumnious about the defendants." *Id.* at 180 n.65 (emphasis in original). Thus, so long as non-disparagement clauses contain "a carve-out for truthful statements about plaintiffs' experience litigating their case," they may be fair and reasonable. *Id.*; *see also Santos v. El Tepeyac Butcher Shop Inc.*, No. 15-CV-814 (RA), 2015 WL 9077172, at *1 (S.D.N.Y. Dec. 15, 2015). The non-disparagement clause here includes such a carve-out. The Court therefore concludes that it is fair and reasonable in the context of the settlement here.

## D. Attorneys' Fees and Costs

Finally, the Court approves the requested award of attorneys' fees and costs. According to the Fairness Letter and materials attached thereto, Plaintiff's counsel requests $750 in costs. The Court finds Plaintiff's requested costs to be reasonable, and therefore grants the request. *See Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13-CV-6667 (PAE), 2015 WL 5122530, at *1 (S.D.N.Y. Aug. 31, 2015). Plaintiff's counsel also requests $3,583.33 in fees, which is 33% of the settlement amount after costs are deducted. *See id.* at *1 & n.1 ("The Court's view is that attorneys' fees, when awarded on a percentage basis, are to be awarded based on the settlement net of costs."). This amount appears to match the contingency-fee arrangement between Plaintiff and his counsel, which allowed Plaintiff's counsel to recover one-third of the recovery from a settlement. *See* Dkt. 21-1 at 1–2.

"In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung*, 226 F. Supp. 3d at 229–30. "A court evaluating attorneys' fees in an FLSA settlement may use either the 'lodestar' method or the 'percentage of the fund' method, but should be guided in any event by factors including: '(1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations.'" *Cionca v. Interactive Realty,*

*LLC*, No. 15-CV-5123 (BCM), 2016 WL 3440554, at \*2 (S.D.N.Y. June 10, 2016) (quoting *Lopez v. Ploy Dee, Inc.*, No. 15-CV-647 (AJN), 2016 WL 1626631, at \*4 (S.D.N.Y. Apr. 21, 2016)). Generally speaking, "courts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances." *Santos*, 2015 WL 9077172, at \*3; *see also, e.g.*, *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at \*3 (S.D.N.Y. Dec. 15, 2015) (rejecting proposed FLSA settlement providing attorneys' fees equal to 39 percent of the total settlement fund); *Run Guo Zhang*, 2015 WL 5122530, at \*4 (rejecting 37 percent fee award); *Nights of Cabiria*, 96 F. Supp. 3d at 181–82 (rejecting fee award between 40 and 43.6 percent).

Here, the proposed fee amount is exactly one-third of the net settlement amount, which is an amount routinely approved under the percentage method, particularly where it is pursuant to a previously negotiated retainer agreement. *See Garcia v. YSH Green Corp.*, No. 16-CV-532 (HBP), 2016 WL 6779630, at \*3 (S.D.N.Y. Nov. 14, 2016); *see also Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13-CV-3234 (LB), 2013 WL 5308277, at \*1 (E.D.N.Y. Sept. 19, 2013). Moreover, the amount is reasonable when compared to what would be awarded under the lodestar method. *See, e.g.*, *Escobar v. Fresno Gourmet Deli Corp.*, 16-CV-6816 (PAE), 2016 WL 7048714, at \*4 (S.D.N.Y. Dec. 2, 2016) (approving a one-third fee award that represented a multiplier of approximately 1.03 of the lodestar amount). The lodestar amount is "the product of a reasonable hourly rate and the reasonable number of hours required by the case," with the reasonable hourly rate defined as the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Hernandez v. JRPAC Inc.*, No. 14-CV-4176 (PAE), 2017 WL 66325, at \*2 (S.D.N.Y. Jan. 6, 2017) (citations omitted). When the lodestar calculation is greater than the attorneys' fee award, the Court "[o]rdinarily" will

approve the fee, at least so long as the percentage of the award is reasonable. *See, e.g.*, *Run Guo Zhang*, 2015 WL 5122530, at *4. Here, Plaintiff's attorneys presented documentation for the two lawyers that they say worked on Plaintiff's case: Jian Hang, the principal attorney of Hang & Associates with over ten years' experience in employment law, and his associate Rui Ma. *See* Fairness Letter at 3. According to the billing records and calculations submitted by Plaintiff's counsel, Jian Hang spent 10.7 hours on the case at a proposed rate of $350 per hour and Rui Ma spent 9.1 hours at a proposed rate of $250 per hour—totaling $6,020 before adding in costs and $6,770 after, according to Plaintiff's calculations. *See* Dkt. 21-2.

The Court finds that the number of hours spent by Plaintiff's lawyers were reasonable and that they spent those hours on compensable matters. As for the reasonableness of the specific rates proposed by Plaintiff's counsel, the Court need not determine what exact rates would be the appropriate ones in this case, because the fees requested here would still be reasonable even if Plaintiff's lawyers billed at substantially lower rates. For example, even if Jian Hang had been charged at $300 and Rui Ma at $175—amounts readily accepted by courts in this District for partners and associates, respectively, *see Run Guo Zhang*, 2015 WL 5122530, at *3 (gathering cases)—the lodestar would amount to $4,802.50, which would still be over $1,200 more than the proposed fee award. The amount of the fee is therefore reasonable both as a percentage of the net award and based on the lodestar method.

## ADDITIONAL MATTERS

In the settlement agreement, the parties agreed to submit their agreement with two attached orders—a "Proposed Order of Dismissal without Prejudice (the 'Order 1')" and a "Proposed Order of Dismissal with Prejudice (the 'Order 2')"—for the Court to review. Settlement Agreement and Release ¶ 6. The parties then agreed that "Order 1" would be entered "[u]pon the Court's

approval," and Order 2 would be entered only "once the defendants have made payment to the Plaintiff in accordance with paragraph 1, and Plaintiff's counsel has advised defendants' counsel that all funds have cleared." *Id.* Under paragraph 1, the lump-sum payment to Plaintiff will be due 30 days from the date of this Memorandum Opinion and Order approving the settlement agreement. *Id.* ¶ 1.

The parties did not attach any proposed orders or stipulations of dismissal to their settlement agreement or supporting papers. The Court will nonetheless order proceedings consistent with the parties' intent as expressed in the agreement. The case shall be administratively closed by the Clerk of Court, without prejudice to reopen it in the event that Defendants fail to make their required payment under the settlement agreement. In the event that payment is properly made, Plaintiff is ordered to comply with paragraph 6 of the settlement agreement to the extent that it requires him to submit a proposed stipulation and order of dismissal with prejudice to the Court for approval, and he must do so no later than 45 days after the date of this Memorandum Opinion and Order. The proposed stipulation shall be submitted in accordance with the Court's ECF Rules & Instructions 18.2 (available at http://www.nysd.uscourts.gov/ecf_filing.php).

Finally, the Court notes that Plaintiff asserts in the Fairness Letter that a person named Huan Ran Lei has opted into the action. Fairness Letter at 1. But the Court never ordered such an opt-in, nor is it reflected on the docket. Moreover, Huan Ran Lei is not a party to the proposed settlement agreement. Huan Ran Lei therefore has never formally joined the case and is unaffected by the present settlement or this case's anticipated dismissal with prejudice.

## CONCLUSION

For the reasons stated above, the Court approves the parties' settlement agreement. Plaintiff's counsel will receive $4,333.33 of the settlement amount, with $3,583.33 allocated to attorneys' fees and $750 to costs, and the remaining $7,166.67 will go to Plaintiff.

The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated:     August 6, 2018
           New York, New York

_____
Ronnie Abrams
United States District Judge